**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JOHN COLASURDO, #K-88438, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-424-MJR-SCW |
| | ) | |
| N. WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME the Defendants, KIMBERLY BUTLER, JEANNETTE COWAN, NATHANIEL WARD, and CAMERON WATSON, by and through their attorney, LISA MADIGAN, and for their Response to Plaintiff's Motion to Compel state as follows:

1. Plaintiff filed his Complaint on April 25, 2017. (Court Doc. 1).
2. Plaintiff sent Defendants requests for production and interrogatories on September 30, 2018.
3. Defendants responded to Plaintiff's Request for Production of Documents, Requests for Admission, and Defendant Spiller's Response to Plaintiff's Interrogatories on October 30, 2018. Counsel for Defendants also sent Plaintiff a letter explaining that Defendant Ward's responses would follow shortly. Defendant Ward responded to Plaintiff's Interrogatories on November 1, 2018.
4. Plaintiff was not unduly prejudiced by the delay in response, since the discovery deadline is not until April 1, 2019 and Plaintiff received those responses prior to filing this motion to compel. (Court Docs. 26 and 78).
5. Plaintiff filed this Motion to Compel on November 8, 2018. (Court Doc. 78).
6. Defendants object to Plaintiff's description that the interrogatory responses were "frivolous or evading." (Court Doc. 78, pg. 1, paragraph 3). Defendants fairly and fully responded to

Plaintiff's interrogatories with an answer or with an appropriate objection. (Court Doc. 81, pgs. 16-42).

7. Defendants' objection to question 1 of Plaintiff's Request for Admission is not "unfounded." (Court Doc. 78, pg. 1, paragraph 4; pg. 10, paragraph 1). Defendants described what they believed to be vague as they were unsure what Plaintiff meant by the phrase "on location." (Court Doc. 78, pg. 10, paragraph 1). Defendants asked Plaintiff to provide additional information about what he meant by "on location." (Court Doc. 78, pg. 10, paragraph 1). In Plaintiff's memorandum in support of his motion to compel, Plaintiff describes what he meant by saying "on location" and asserts he meant whether they were both on 4 gallery in November 2015. (Court Doc. 78, pg. 4). As this is the first time Plaintiff has provided this clarifying information to Defendants, counsel for Defendants will provide that information to Defendants to see if that is sufficient to provide an answer to Plaintiff's request for admission.

8. Plaintiff asserts "Defendants' Response as being unable to confirm or deny because of safety and security issues has no merit." However, Defendants have valid safety and security concerns if they were to provide the information Plaintiff has requested, as it involves information concerning other inmates. (Court Doc. 78, pg. 1, paragraph 5). Although Plaintiff asserts in his Memorandum in Support of his Motion to Compel that providing this information would not be "personal information" of other information, the information he provides shows this is not true. (Court Doc. 78, pgs. 4-7). Inmate Njos and Inmate Diaz are not parties to this case. Their security threat group status, disciplinary history, including reasons for going to segregation and whether they were "black stripers" is personal information of other inmates. (Court Doc. 78, pgs. 4-7).

9. Plaintiff asserts "Defendants' objections as being overbroad in time and scope, unduly burdensome, irrelevant, and not proportional to the needs of the case has no merit." (Court Doc. 78, pg. 2, paragraph 6). However, Defendants have asserted a valid objection to Plaintiff's question. (Court Doc. 78, pg. 15). Plaintiff is seeking to know how many "rape claims" were

made at Menard between 2015 and 2016. (Court Doc. 78, pg. 15). Defendants disagree with Plaintiff's assertion that this is not "overbroad, burdensome and is relevant to his claims." (Court Doc. 78, pg. 5).

10. Plaintiff asserts "Defendants objections as being overbroad and vague has no merit." (Court Doc. 78, pg. 2, paragraph 7). However, Defendants have asserted a valid objection to Plaintiff's questions, as Plaintiff is seeking information for all aggression hearings of all inmates for a two year time period. (Court Doc. 78, pgs. 6, 7, 19).

11. Plaintiff is also seeking an institutional directive that has been determined to create a potential security risk and therefore Defendant's objection is not "frivolous" as Plaintiff describes. (Court Doc. 78, pg. 7).

12. Plaintiff makes a general argument in Point II, but it is unclear to which question Plaintiff is referring in this point. Defendants deny Plaintiff is entitled to the information to which Defendants objected in their discovery responses.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Compel discovery in this case.

Respectfully submitted,

KIMBERLY BUTLER,
JEANNETTE COWAN,
NATHANIEL WARD,
and CAMERON WATSON,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendants,

Rachel Schwarzlose, #6283966
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
(618) 236-8781

Of Counsel.

BY: s/ Rachel Schwarzlose
Rachel Schwarzlose, #6283966
Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| JOHN COLASURDO, #K-88438, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-424-MJR-SCW |
| | ) | |
| N. WARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018, the foregoing document, Response to Plaintiff's Motion to Compel, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on the same date, I caused a copy of the document to be mailed by United States Postal Service to the following non-registered participant:

John Colasurdo, #K-88438
Pontiac Correctional Center
700 West Lincoln Street
PO Box 99
Pontiac, IL 61764

Respectfully Submitted,

s/Rachel Schwarzlose __________
Rachel Schwarzlose, #6283966
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone: (618) 236-8781
Fax: (618) 236-8620
E-Mail: rschwarzlose@atg.state.il.us